UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MICHAEL EDWARD ALLEN, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:07-cv-1006-DFH-WTL |
| MONTGOMERY COUNTY SHERIFF'S DEPT/JAIL, et al., | ) ) ) ) | |
| Defendants. | ) | |

**Entry Discussing Complaint, Dismissing
Insufficient Claims, and Directing Issuance of Process**

**I.**

"A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if . . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. § 1915A(b)(1)). A complaint is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F .2d 1101, 1106 (7th Cir. 1984)). Applying this standard to the civil rights complaint of Michael Edward Allen, who alleges that he was mistakenly transferred from a county jail to a state prison for a period of several days, the action shall proceed against two defendants, Captain Linda Myers and the Clerk of the Montgomery County Superior Court I, while claims against remaining defendants are dismissed.

**II.**

**A.**

Edwards alleges that he was transported to the state prison as the result of an improper transport order issued for him because of an error made by either the Montgomery County Superior Court Clerk or Captain Linda Myers, who are among the

defendants. Claims against the other defendants are legally insufficient and must be dismissed.

- ! The claims against Sheriff Luther Blanton are legally insufficient because this defendant is not alleged to have caused, directed, or participated in the issuance of the mistaken transport order, and he cannot be held liable based on his supervisory position. See *West v. Waymire*, 114 F.3d 646, 649 (7th Cir. 1997) ("the doctrine of respondeat superior is not available to a plaintiff in a section 1983 suit").

- ! The Montgomery County Sheriff's Department is also named as a defendant, but is not a "person" subject to suit under 42 U.S.C. § 1983, though even if the court found otherwise on this point there is no allegation of a municipal policy or custom on the part of the Sheriff's Department to transfer inmates from the Jail to other facilities without proper authorization.

- ! Montgomery Count Superior Court I Judge David Ault is included as a defendant, but is immune from suit under the circumstances presented in the plaintiff's complaint. *Mireles v. Waco,* 502 U.S. 9, 11 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). Judicial immunity can only be overcome in two circumstances: (1) when the actions were not taken in the judge's official capacity; or (2) if the action is taken in complete lack of jurisdiction. *Mireles,* 502 U.S. at 11-12. Allen's claim here is that Judge Ault issued the improper transport order, but did so in his official capacity and acting well within the jurisdiction of his office as judge.

**B.**

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**III.**

The clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(2), to issue and serve process on Captain Linda Myers and the Clerk of the Montgomery County Superior Court I in the manner specified by *Fed. R. Civ. P.* 4(d)(2). Process in this case shall consist of the amended complaint as supplemented (dkt 8, 16, and 18), applicable forms (1A and 1B) and this Entry.

**IV.**

The plaintiff requests the court's assistance in obtaining a copy of the transport order

from the Montgomery County Sheriff's Department. This request is **denied as premature.** Documents may be properly requested from the defendants once they appear in this action during the course of discovery.

    So ordered.

_David F. Hamilton_
DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 5/13/2008

Distribution:

Michael Edward Allen
DOC #991444
Miami Correctional Facility
PO Box 900
Bunker Hill, IN 46914

Captain Linda Myers
Montgomery County Jail & Sheriff's Department
1010 Whitlock
Crawfordsville, IN 47933

Clerk of the Montgomery County Superior Court I
100 E. Main Street
Crawfordsville, IN 47933

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS OTHER THAN DOCKETING AND DISTRIBUTION.