**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| MICHAEL EDWARD ALLEN, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CAPTAIN LINDA MYERS, et al., )<br>)<br>Defendants. ) | No. 1:07-cv-1006-DFH-DML |

**Entry Discussing Motion for Summary Judgment**

In this civil rights action plaintiff Michael Edward Allen ("Allen") alleges that he was mistakenly transferred from a county jail to a state prison for a period of several days. The action has proceeded against two defendants, Captain Linda Myers and the Clerk of the Montgomery County Superior Court I.

As noted in Part II of the Entry issued on October 16, 2008, Allen failed to respond to the motion for summary judgment within the presumptive deadline for such response. He was notified of that deadline and of the consequences of failing to respond. Accordingly, the factual assertions on which the motion for summary judgment is based and which are supported by the evidentiary record, are accepted as true for the purpose of resolving that motion. Applying the foregoing, together with the rule that summary judgment is warranted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law," **FED.R.CIV.P.** Rule 56(c), the court finds that the State defendants' motion for partial summary judgment must be **granted.** This determination is based on the facts that 1) Allen was confined at the Montgomery County Jail ("Jail") at the times relevant to the claims in this action, 2) at the time of Allen's confinement at the Jail there was a grievance process in place whereby inmates could file a grievance concerning the conditions of their confinement and their treatment, 3) the claims asserted in this action are within the scope of the grievance procedure at the Jail, 4) although Allen was housed at a facility other than the Jail for a period of 12 days–which is the essence of his claims here–he was returned to the Jail on July 18, 2007, and remained there until September 7, 2007, and 5) Allen did not file a grievance with respect to the claims he has asserted in this case.

Because Allen was a prisoner at the time this action was filed, the Prison Litigation Reform Act of 1995 ("PLRA") is applicable to his civil rights action. The PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 122 S. Ct. 983, 992 (2002).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 126 S. Ct. 2378, 2385 (2006) (footnote omitted); see also *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. See *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

As discussed, Allen failed to file a grievance with respect to the claims in this case. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that this suit should not have been brought and must now be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

The defendants' motion for summary judgment is **granted.** Judgment consistent with this Entry shall now issue.

So ordered.

Date:  October 30, 2008

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana